Filed 6/6/13  Zulli v. Mora CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LAWRENCE MORA,<br><br>    Defendant and Respondent. | 2d Civil No. B242702<br>(Super. Ct. No. 56-2011-00402118-<br>CU-MM-SIM)<br>(Ventura County) |

Brian Zulli appeals a judgment of dismissal following an order by the trial court sustaining a demurrer to his second amended complaint without leave to amend. (Code Civ. Proc., § 581, subd. (f)(1).)[1]  We affirm.

## *FACTS AND PROCEDURAL HISTORY*

At the end of her life, 81-year-old Sylvia Zulli suffered from heart failure, vascular strokes, and pancreatic cancer with liver and lung metastases.[2]  During March through May 13, 2010, she was admitted to Los Robles Hospital, Simi Valley Hospital, and Cedars-Sinai Medical Center ("Cedars-Sinai"), and was treated by many physicians,

---

[1] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

[2] We shall refer to the parties as "Brian" and "Sylvia," not from disrespect, but to ease the reader's task.

nurses, and other medical professionals. Doctor Lawrence Mora was Sylvia's primary care physician during her hospitalization at Cedars-Sinai.

On August 12, 2011, Brian filed a complaint in propria persona against Mora and others regarding Sylvia's allegedly negligent medical treatment. He later filed a first amended complaint, to which Mora demurred. The trial court sustained the demurrer and permitted Brian leave to amend the first amended complaint.

On March 16, 2012, Brian filed a 165-page second amended complaint alleging causes of action for elder abuse and neglect, gross negligence, failure to properly diagnose and properly treat, lack of informed consent, intentional infliction of emotional distress, criminal negligence, and wrongful death, among others. He requested compensatory and punitive damages against Mora and 18 named defendants, including Cedars Sinai, Sylvia's medical insurers, and her treating physicians and nurses. Brian's allegations against Mora include Mora's refusal to perform bile-duct surgery on Sylvia, and to provide her with heart medications or a functioning pacemaker, and the unauthorized use of a "Do Not Resuscitate" order. Brian also alleged that Mora ordered and Sylvia received a breathing apparatus that bruised Sylvia's nose and forehead.

Brian alleged that Sylvia died on May 13, 2010, when "a nurse instructed by D[r]. Balfe injected Sylvia's [intravenous line] with a substance that caused Sylvia's vitals to immediately drop. . . . Within a minute of the substance being administered to Sylvia Zulli's IV, Sylvia died. No code blue was ever issued. No one came until after Sylvia died."

On May 29, 2012, the parties appeared and argued Mora's demurrer. The trial court then sustained the demurrer to the second amended complaint without leave to amend, and later entered a judgment dismissing Zulli's action. In ruling, the court stated: "Plaintiff has failed to set forth a clear causal connection between the acts and or omissions of Defendant Mora and the stroke/death of Sylvia. Further this cause of action is time-barred by [Code of Civil Procedure section] 340.5."

2

Zulli appeals and contends that the trial court erred by sustaining Mora's demurrer without leave to amend.

## DISCUSSION

Pursuant to sections 430.30, subdivision (a), and 430.50, subdivision (a), a defendant may demur to a complaint or a part thereof if a defect appears on the face of the complaint. Section 430.10, subdivision (e) permits a party to demur to a complaint that "does not state facts sufficient to constitute a cause of action."

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment to determine whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564.) We treat the demurrer as admitting all material facts property pleaded, but not contentions, deductions, or conclusion of fact or law. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1; *Lafferty*, at p. 564.).) We also give the complaint a reasonable interpretation, reading it in context and as a whole, to determine whether plaintiff has stated a cause of action. (*Lafferty*, at p. 564.)

The trial court did not err by sustaining the demurrer because Brian's conclusory allegations do not state a cause of action under any legal theory.

The first cause of action entitled "Elder Abuse and Elder Neglect," fails to state a cause of action because "neglect" within the Elder Abuse and Dependent Adult Civil Protection Act does not constitute "negligence" of a healthcare provider. (Welf. & Inst. Code, § 15600 et seq.; *Delaney v. Baker* (1999) 20 Cal.4th 23, 34.) Welfare and Institutions Code section 15657.2 provides: "Notwithstanding this article, any cause of action for injury or damage against a health care provider, as defined in Section 340.5 of the Code of Civil Procedure, based on the health care provider's alleged professional negligence, shall be governed by those laws which specifically apply to those professional negligence causes of action."

3

The second cause of action entitled "Gross Negligence" fails because California does not recognize a cause of action for "gross negligence." (*Continental Ins. Co. v. American Protection Industries* (1987) 197 Cal.App.3d 322, 328-330.) Moreover, Brian has not alleged "an extreme departure from the ordinary standard of conduct" by Mora's care. (*Rosencrans v. Dover Images, Ltd.* (2011) 192 Cal.App.4th 1072, 1082.)

The third cause of action entitled "Failure to Diagnose or Erroneous Diagnos[is]" and the fourth cause of action entitled "Failure to Treat or Erroneous Treatment" allege identical facts and allegations of negligence. Brian may not split his cause of action for negligence into separate claims to maximize damages. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682 [the violation of one primary right into two causes of action contravene the rule against "splitting" a cause of action].) "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.'" (*Ibid.*)

The fifth cause of action entitled "Unauthorized Treatment or Lack of Informed Consent" fails to state any facts sufficient to constitute an independent cause of action. Moreover, the theory of lack of informed consent is subsumed within the cause of action of negligence. (*Cobbs v. Grant* (1972) 8 Cal.3d 229, 238.)

The sixth cause of action entitled "Breaches of Doctor-Patient Confidentiality" fails to state or describe any breach of confidential duty and the damages proximately caused thereby. (*Mosier v. Southern Cal. Physicians Ins. Exchange* (1998) 63 Cal.App.4th 1022, 1044 [describing elements of cause of action for breach of fiduciary duty].)

The seventh cause of action entitled "Vicarious Liability Prescription Drug Errors" does not state facts sufficient to constitute a cause of action because Brian alleges that Mora authorized Sylvia's medications, "but other doctors that D[r]. Mora has brought in as consultants . . . without D[r]. Mora's permission are changing [his]

4

orders."  The allegation is insufficient to state a cause of action for negligence to hold Mora liable for the acts of others.

The eighth cause of action is a claim for punitive damages.  The claim is procedurally barred because, among other things, Brian did not first seek and obtain an order from the trial court.  Section 425.13, subdivision (a) provides that "no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed."

The ninth cause of action entitled "Intentional Infliction of Emotional Distress" fails to state facts sufficient to constitute a cause of action because Brian does not allege the requisite element of extreme and outrageous conduct by Mora.  (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.)

The tenth cause of action entitled "Criminal Negligence With Battery" does not state sufficient facts to constitute any cause of action pursuant to established law.  Moreover, Brian fails to allege any surgery or treatment that Mora performed on Sylvia.  (*Cobbs v. Grant*, *supra*, 8 Cal.3d 229, 240 [battery theory of medical malpractice applies when a physician performs an operation or treatment to which the patient has not consented].)

The eleventh cause of action entitled "Wrongful Death []" does not state sufficient facts alleging that Mora's treatment of Sylvia was a substantial factor in causing her death.  Indeed, Brian alleges that an unknown person injected his mother with a substance that caused her death within minutes.

To the extent that we consider the second amended complaint to allege a cause of action for professional medical negligence, section 340.5 precludes Brian's action.  That section provides a one-year limitations period from the date a plaintiff discovers the injury.  (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 413-414 [plaintiff suspected her father was not receiving proper

medications on the day he died; she had one year following date of his death to bring an action for professional negligence].)

The judgment is affirmed. Mora shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

6

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro. per., for Plaintiff and Appellant.

Bertling & Clausen, LLP, Steve H. Shlens for Defendant and Respondent.